GReen, J.
delivered the opinion of the court.
This suit was brought by the defendant in error, upon a guaranty of the following bill single: “#4,280. On or before the first day of January, 1840,1 promise to pay Daniel F. Alexander, or order, four thousand two hundred and eighty dollars; for value received — payable at the Planters Bank at Nashville. Witness my hand and seal, this 12th August, 1836. Jno. B. Smith, [l. s.]”
Underneath, is the following guaranty: “We will guarantee the payment of the above note given to Jno. B. Smith, for *262 forty-two hundred and eighty dollars, on the 1st January, 1840. N. Hobson,
Geo. S. Smith.”
The bill single was endorsed in blank by Alexander, and the holder, the defendant in error, prosecutes this suit in his own name against the guarantors.
.There was evidence conducing to prove that John B. Smith signed and sealed the paper in blank, and that subsequently, when he was not present, it was filled up as it now appears, at which time the guaranty was executed.
The court charged the jury, in substance, that, if John B. Smith executed the note under seal in blank, and gave only a verbal authority to fill it up, he would not be bound thereby; but that, if he afterwards recognized a note thus made, and assented to its' validity, he would be bound by it; that the guaranty, being general, is available in the hands of any regular endorser of the note, if the guaranty was contemporaneous with the making of the note.
The jury found for the plaintiff, and the defendants appealed in error to this court.
1. The settled law of this court is, that to authorize the execution of a deed in the name of another, the authority must be by deed; no previous parol assent or subsequent adoption will bind the party, unless it be acknowledged and re-delivered.—Turbeville vs. Ryan, 1 Humph. 113. But, if in this case John B. Smith, by a subsequent recognition and assent to the validity of the note, thereby bound himself — as the court told the jury he could do — such recognition and assent could have no obligatory force upon the guarantors. If the bond was executed in blank and handed to the parties, and was afterwards filled up, it was void and had no obligatory force upon the principal obligor; and if the principal obligation was void, the accessory obligation followed it, and was void also.—Chit. Contr. 499. Now, if John B. Smith had, subsequently to the execution of the guaranty, done such acts as to bind him by the bond, the obligation thus created could have no retrospective influence so as to invigorate the guaranty and create upon the plaintiffs in error an obligation to which they did not assent.
*263 2. The court erred also in assuming that this guaranty is negotiable. Story, in his “Commentaries on the law of promissory notes and guaranties,” says, § 484: “In case of a separate instrument of guaranty, at least, where it is not expressly stated that the guaranty shall be negotiable, as for example, when the note is payable to A. or order, or A. or bearer, unless the separate guaranty of the note is also made to A. or order, or A. or bearer — it seems clear that the guaranty is to be limited to the very person to whom it is given, or with whom it is just contracted. The same has been applied, where the guaranty contains the name of no person on it to or with whom it is made; for then it will be construed to be limited to the first person who takes the note and advances money on the faith of the guaranty, and it will not be deemed negotiable.”
In the case of True vs. Fuller, (21 Pickering’s R. 140,) underneath the signature of the payee of a negotiable note, endorsed by him in blank, were written the following words signed by the defendant: “I guaranty the payment of semi-annual interest on this note as well as the principal.” It was held that the guaranty was not negotiable in itself, nor was it rendered negotiable by having been written upon a negotiable instrument.
The same doctrine was held by this court, in the case of Turley vs. Hodges, 3 Humph. 73.
In the case before the court, the guaranty is written underneath the signature of the payee, and is made payable to no person. It is not, therefore, negotiable; and the defendant in error had no right to sue in his own name to recover the amount of the bond.
Reverse the judgment.